UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL FISHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREG GREER,<br><br>　　　　Defendant. | Case No. 13-cv-03412 NC<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 8 |

Michael Fisher brought this action to enforce an unpaid promissory note against Greg Greer. Greer filed a motion to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment. With the parties' agreement, the Court converted the motion to dismiss into a motion for summary judgment. The issues before the Court are (1) whether the originally unsecured $70,000 note was modified to be secured by a later deed of trust, invoking the requirement to exhaust the security first under California Code of Civil Procedure § 726(a); and (2) if so, whether Greer has waived the protection of § 726(a). The Court denies Greer's motion for summary judgment and grants partial summary judgment in favor of Michael Fisher on the § 726(a) defense because the undisputed facts show that there was no valid delivery or acceptance of the deed of trust and that Greer has waived the protection of § 726(a).

# I. BACKGROUND

A. **Undisputed Facts**

The following summary of background facts is based on facts that are undisputed unless otherwise noted. On July 17, 2008, Grill Properties, LLC, Ariel Properties, LLC, and David Underwood as Trustee of the 1821 Filbert Street Land Trust each acquired a 1/3 interest in the real property commonly known as 1821-1829 Filbert Street, Oakland, California ("Filbert Street Property"). Dkt. No. 26 at ¶ 1.

On June 23, 2009, Underwood and Greg Greer executed and delivered an unsecured promissory note to Michael Fisher in consideration for a loan of $70,000. *Id.* at ¶ 2.

On August 13, 2010, without the consent or knowledge of Michael Fisher and Greer, Underwood executed and recorded a deed of trust against the Filbert Street Property ("Deed of Trust") as security for the $70,000 note and a $50,000 promissory note in favor of Vicki Fisher. *Id.* at ¶ 4. The $70,000 loan was not fully paid by the maturity date of June 30, 2011. *Id.* at ¶¶ 3, 5.

On August 11, 2011, Grill, which consists of Greg Greer and his wife Jill Jaffe, and Ariel filed a complaint in the Alameda County Superior Court against Underwood, Michael Fisher, and Vicki Fisher seeking the cancellation of the Deed of Trust ("State Action"). *Id.* at ¶¶ 7, 9. On the same day, Greer and Jaffe filed a complaint in the Alameda County Superior Court against Underwood, Michael Fisher, Vicki Fisher, and eight other defendants seeking the cancellation of additional deeds of trust in which Michael Fisher was one of the beneficiaries, recorded by Underwood against Underwood's interest in real properties ("Greer Action"). *Id.* at ¶ 8. On November 30, 2011, Ariel dismissed without prejudice its claims in the State Action. *Id.* at ¶ 10.

In the fall of 2011, Underwood first informed Michael Fisher of the Deed of Trust. Dkt. Nos. 13-3 at ¶ 4; 13-4 at ¶ 9. Underwood never provided Fisher with any financial information for the real property encumbered by the Deed of Trust. *Id.*

//

On December 17, 2011, Underwood filed for Chapter 7 Bankruptcy protection. Dkt. No. 26 at ¶ 11.[1] On August 1, 2012, Underwood's obligation under the $70,000 note was discharged in bankruptcy. *Id.* at ¶ 12.

On September 21, 2012, Michael Fisher was served with the complaints in the State and Greer Actions. Dkt. No. 13-3 at ¶ 6. On January 18, 2013, Michael Fisher reconveyed his interest in the Deed of Trust by causing to be recorded a deed of partial reconveyance of the Deed of Trust. Dkt. No. 26 at ¶ 13.

Michael Fisher declares that only after October 12, 2012, when he retained legal counsel, did he understand the significance and financial aspects of the Deed of Trust in relation to the $70,000 note. Dkt. No. 13-3 at ¶ 7. Michael Fisher further declares that he relinquished his interests in the Deed of Trust upon the advice of his counsel because of insufficient equity in the Filbert Street Property and because the relinquishment thereof should result in dismissal of the State and Greer Actions, both of which sought the relief of the cancellation of the Deed of Trust. Dkt. Nos. 13-2 at ¶ 7; 13-3 at ¶ 7. Both Underwood and Michael Fisher declare that Michael Fisher never took any action to enforce the Deed of Trust. Dkt. Nos. 13-3 at ¶ 5; 13-4 at ¶ 11.

On August 5, 2013, Grill dismissed with prejudice Michael Fisher from the State Action in consideration for the reconveyance of his interest in the Deed of Trust. Dkt. No. 26 at ¶ 15. On August 15, 2013, Greer and Jaffe dismissed with prejudice Michael Fisher and Vicki Fisher from the Greer Action in consideration for Michael Fisher's and Vicki Fisher's executed substitutions of trustee and requests for reconveyance of their interests in the deeds of trust. *Id.* at ¶ 16.

On June 6, 2013, Vicki Fisher caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust, concerning her $50,000 interest in the Deed of Trust. *Id.* at ¶ 14. On October 8, 2013, in the State Action the court denied the motion for preliminary injunction by Grill to stop Vicki Fisher's foreclosure on the Deed of Trust. *Id.* at ¶ 17. On

---

[1] The parties' joint statement of undisputed facts misstates the year as 2012. Dkt. No. 26 at ¶ 11; *see* Dkt. No. 27 at 15:25-26.

Case No. 13-cv-03412 NC
ORDER ON MOTION FOR SUMMARY JUDGMENT     3

October 23, 2013, Grill paid off Vicki Fisher's $50,000 note. *Id.* at ¶ 18. On November 1, 2013, Vicki Fisher caused to be recorded a deed of reconveyance, reconveying her interest in the Deed of Trust. *Id.* at ¶ 19. In December 2013, Grill dismissed with prejudice Vicki Fisher from the State Action. *Id.* at ¶ 20.

On November 20, 2013, Michael Fisher, as an unsecured creditor regarding the $70,000 note, was issued a check of $1,631.17 by the Underwood Chapter 7 bankruptcy trustee. *Id.* at ¶ 22. Vicki Fisher, as a secured creditor, received no payment from the Underwood Chapter 7 bankruptcy trustee. *Id.* at ¶ 21.

**B.   Procedural History**

Michael Fisher filed this lawsuit against Greer on July 23, 2013, to collect on the $70,000 note, seeking to recover unpaid principal, interest, late fees, and attorney's fees. Dkt. No. 1. On September 26, 2013, Greer filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Federal Rule of Civil Procedure 56. Dkt. No. 8. In connection with the motion to dismiss, Greer requested that the Court take judicial notice of certain documents outside the pleadings. Dkt. No. 10.

On November 6, 2013, the Court held a hearing on the motion. With the parties' agreement, the Court converted the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Dkt. No. 22. The Court gave the parties the opportunity to file supplemental briefs and materials and conduct any discovery pertinent to the motion for summary judgment. *Id.* On December 13, 2013, the parties filed a joint statement of undisputed facts and stipulated documents. Dkt. No. 26. The parties also filed a joint request for judicial notice. Dkt. No. 27.[2]

---

[2] The parties seek judicial notice of court files and documents that are in the public record. The Court grants the request. *See* Fed. R. Evid. 201; *see also Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings."); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including state court file and deeds of trust).

Case No. 13-cv-03412 NC
ORDER ON MOTION FOR SUMMARY        4
JUDGMENT

Greer moves for summary judgment on the basis that he has an absolute defense to the debt based on California Code of Civil Procedure § 726(a), which requires "the secured creditor, in a single action, to exhaust his security judicially before he may obtain a monetary deficiency judgment against the debtor." *In re Prestige Ltd. P'ship-Concord*, 234 F.3d 1108, 1114 (9th Cir. 2000) (internal quotation marks omitted). Greer contends that Michael Fisher has failed to exhaust his security as required by § 726(a) because Michael Fisher voluntarily released the security without the consent of the borrowers Underwood and Greer. Dkt. No. 9 at 6:14-16.

In response to Greer's motion for summary judgment, Michael Fisher requests the Court to (1) deny Greer's summary judgment motion by finding that Greer may not invoke the protection of § 726 as a matter of law; and/or (2) grant summary judgment in favor of Michael Fisher on the § 726 defense by determining that § 726 does not preclude Michael Fisher from enforcing the $70,000 note. Dkt. No. 13 at 4, 14. Michael Fisher contends that the promissory note is not subject to § 726 because the note was originated as an unsecured loan and was never validly modified; and that, in any event, Greer has waived the § 726 defense. Dkt. No. 31 at 8.

**C.     Jurisdiction**

This Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. Michael Fisher is a citizen of West Virginia and Greer is a citizen of California. Dkt. No. 1 at ¶¶ 1-2. The amount in controversy exceeds $75,000, including attorney's fees, exclusive of interest and costs. *Id.* at ¶ 3. Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 5, 7.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Ruffin v. Cnty. of L.A.*, 607 F.2d 1276, 1280 (9th Cir. 1979). "If a party fails to properly support an assertion of fact or fails to property address another party's assertion of fact as required by Rule 56(c)," the court has discretion to consider the matter undisputed, grant the motion, give the party the opportunity to address the fact properly, or issue any other appropriate order. Fed. R. Civ. P. 56(e). All reasonable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

Rule 56 allows a party to "move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). A court may grant partial summary judgment on a particular claim or a particular affirmative defense, even if doing so would leave other triable issues. *Boston Scientific Corp. v. Cordis Corp.*, 422 F. Supp. 2d 1102, 1106 (N.D. Cal. 2006); *see also Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999). Partial summary judgment on an affirmative defense is governed by the same standard which applies to summary judgment of a claim. *Boston Scientific Corp.*, 422 F. Supp. 2d at 1106.

### III. ANALYSIS

**A.  Whether the Originally Unsecured Note Was Modified to Be Secured**

The first issue before the Court is whether the $70,000 note that was originated as an unsecured note was modified by the Deed of Trust to be secured, triggering the protection

of California Code of Civil Procedure § 726.  Section 726(a) provides, in relevant part, that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter." Cal. Civ. Proc. Code § 726(a).

As an initial matter, the Court agrees with Michael Fisher that Greer has cited no authority addressing the specific situation here where a debtor attempts to unilaterally transform an unsecured loan into a secured real property loan, based on which a co-debtor later claims the protection of § 726.  *See* Dkt. No. 31 at 3.  The question then, as a matter of general contract law, is whether the promissory note was modified by the later Deed of Trust.  "A promissory note is a contract in writing within the provisions of section 1698 of the Civil Code . . . ." *Nicholson v. Smith*, 98 Cal. App. 2d 163, 164 (1950).  Section 1698 provides that a contract in writing may be modified by (a) a contract in writing; (b) an executed oral agreement; or (c) an oral agreement supported by new consideration.  Cal. Civ. Code § 1698.[3]

Here, Greer does not contend, or present any evidence, that there is an oral agreement between him and Michael Fisher to modify the promissory note.  Greer contends instead that the Deed of Trust is a contract in writing that modified the promissory note by securing it.  Dkt. No. 35 at 1-2.  "A deed is a written instrument conveying or transferring the title to real property; it is an executed conveyance and operates as a present transfer of the real property." *Estate of Stephens*, 28 Cal. 4th 665, 671-72 (2002).  The character of "title" provided by a grant deed differs substantially from that provided by a deed of trust. *Shuster v. BAC Home Loans Servicing, LP*, 211 Cal. App. 4th 505, 511 (2012).  A deed of trust

---

[3] Michael Fisher cites to *Pac. Valley Bank v. Schwenke*, 189 Cal. App. 3d 134, 141-42 (1987) to argue that applying the § 726 defense requires that the note origination transaction be secured by a deed of trust.  Dkt. No. 13 at 8.  While *Pac. Valley Bank* observed that "the note and deed of trust [at issue in that case] together form one loan contract, each referring to the other on its face," it did not hold that an unsecured note cannot be modified by a later executed deed of trust. *Pac. Valley Bank*, 189 Cal. App. 3d at 141.  Furthermore, the court in *Pac. Valley Bank* held that § 726 "applies to all notes secured by deeds of trust in California, without regard to whether the mortgagor and the debtor are one and the same." *Id.* at 142.

Case No. 13-cv-03412 NC
ORDER ON MOTION FOR SUMMARY        7
JUDGMENT

conveys a more limited interest as "[t]he legal title is conveyed solely for the purpose of security." *See Hamel v. Gootkin*, 202 Cal. App. 2d 27, 29 (1962). "As a deed is 'an executed contract, it is subject to the rules applicable to contracts.'" *Estate of Stephens*, 28 Cal. 4th at 672 (internal quotation marks omitted); *see also* Cal. Civ. Code § 1040 ("A voluntary transfer is an executed contract, subject to all rules of law concerning contracts in general; except that a consideration is not necessary to its validity.").

Michael Fisher contends that the Deed of Trust is ineffective to modify the promissory note because he did not accept it. Dkt. No. 31 at 5. An effective deed requires delivery and acceptance. *Rothney v. Rothney*, 41 Cal. App. 2d 566, 570 (1940). Delivery and acceptance can be actual or constructive. *See Steitz v. Irwin*, 94 Cal. App. 2d 871, 875 (1949). Under California Civil Code § 1059, a deed is constructively delivered where (1) "the instrument is, by the agreement of the parties at the time of execution, understood to be delivered"; or (2) "it is delivered to a stranger for the benefit of the grantee, and his assent is shown, or may be presumed." *See Windiate v. Moore*, 201 Cal. App. 2d 509, 514-15 (1962). Delivery requires the express or implied consent of the grantee. *See Meisner v. McIntosh*, 205 Cal. 11, 16-17 (1928) (holding that where the preparation and recording of a deed was all without the knowledge, acquiescence or consent of the grantee, there was no delivery of the deed). Delivery cannot be found based upon a presumptive assent, "until all the facts are known to the grantee." *See Brown v. Sweet*, 95 Cal. App. 117, 131 (1928). While generally delivery or absence of delivery of a deed is a question of fact, if undisputed evidence points to one conclusion and is undisputedly insufficient to sustain the opposite conclusion, the question should be determined as a matter of law. *Mecchi v. Picchi*, 245 Cal. App. 2d 470, 482 (1966).

Here, Greer has offered no argument or evidence to show that the Deed of Trust was *actually* delivered to, or accepted by, Michael Fisher to secure the promissory note. It is undisputed that the Deed of Trust was unilaterally executed by Underwood without Michael Fisher's knowledge or consent. Further, Michael Fisher has presented evidence that Underwood never provided him with any financial information for the real property

encumbered by the Deed of Trust, and that Michael Fisher took no action to enforce the Deed of Trust and did not understand the significance and financial aspects of the Deed of Trust in relation to the $70,000 note until he retained counsel in October 12, 2012. Greer has not offered any evidence to rebut this showing.

Because it is undisputed that the Deed of Trust was executed without Michael Fisher's knowledge or consent, California Civil Code § 1059(1) does not apply here. The question thus is whether there are any facts based on which Michael Fisher's consent to the modification of the promissory note may be presumed. Greer argues that "[r]ecordation is prima facie evidence of execution and delivery[,]" and Michael Fisher's allegedly "considerable delay was, essentially, a waiver of his right . . . to reject the security interest created by the Deed of Trust[.]" Dkt. No. 35 at 3. Greer further argues that Michael Fisher's consent to the modification of the promissory note should be presumed because Michael Fisher benefited from his wife's use of the Deed of Trust to collect on her $50,000 note. Dkt. Nos. 30 at 3-4; 35 at 2-3. Michael Fisher contends that the Deed of Trust had no benefit to him. Dkt. Nos. 13 at 12; 31 at 6. The Court finds that these facts do not raise a genuine factual dispute.

First, the recording of a deed without assent by the grantee does not constitute delivery. *See Brown*, 95 Cal. App. at 130-31; *Meisner*, 205 Cal. at 16-17. Here, it is undisputed that Underwood unilaterally recorded the Deed of Trust without the knowledge or consent of Michael Fisher.

Second, the parties' dispute about whether the Deed of Trust is beneficial to Michael Fisher is not material based on the facts of this case. Michael Fisher relies on *Steitz*, 94 Cal. App. 2d at 876 to argue that "[t]he law does not presume acceptance of a deed of trust by the lender unless the deed of trust is beneficial to the lender." Dkt. No. 31 at 6. *Steitz*, which is a case involving a gift deed, restated the rule concerning whether a grantee is bound to accept a grant, stating that "*[i]n the case of an adult donee, if the donation is for his advantage he will be presumed to have accepted it unless the contrary appears.*" *Steitz*, 94 Cal. App. 2d at 876 (citing *Herman v. Mortensen*, 72 Cal. App. 2d 413, 419 (1945)).

Case No. 13-cv-03412 NC
ORDER ON MOTION FOR SUMMARY JUDGMENT                9

The court in *Steitz* found that "[a]ll legal presumptions support[ed] the theory of a constructive acceptance of the deed[,]" because the gift deed "was absolute on its face," did not contain "conditions or burdens[,]" and the grantees' payment of the rent requested by the grantor was "evidence of [their] acceptance of the deed." *Id.* at 876-77. Similarly, in *Herman*, the court found that the presumption of assent was brought in operation by a showing that the instrument was a deed of gift, "free, on its face, of all burdens and obligations[,]" there was "no extrinsic evidence of any burden or obligation[,]" and the property was "income-producing." 72 Cal. App. 2d at 418, 421; *see also In re Kalt's Estate*, 16 Cal. 2d 807, 813 (1940) (observing that the principle that a conveyance is "effective to vest property in the grantee even before the latter has consented to receive it" is recognized by the majority of the courts, including those in California, when they hold that "a beneficial *gift* is presumed to be accepted by the donee even without his knowledge or consent" (emphasis added) (citing Cal. Civ. Code § 1059(2)).

By contrast to the authorities cited above, this case does not involve a gift deed free of burdens or obligations. At issue here is a deed of trust that Greer argues modified a prior promissory note by making it secured and thus obligating the creditor to exhaust the security first under § 726. Greer has not cited to any case where a court presumed acceptance of such unilateral modification of a written contract, in the absence of facts showing consent, based on the argument that the modified contract was beneficial to the party sought to be bound.

Greer's argument that a presumption of acceptance by Michael Fisher may be found based on Vicki Fisher's actions with respect to her interest in the Deed of Trust also has no merit. Greer cites to *Blackburn v. Drake*, 211 Cal. App. 2d 806, 816 (1963) for the proposition that "[a]cceptance [of a deed] by one joint owner (Vicki Fisher) raises a presumption of acceptance by the other joint owner (Michael Fisher) when the grant is beneficial to them, even though they have no knowledge of the deed[.]" Dkt. No. 35 at 2-3. *Blackburn* involved a gift deed by a grantor who conveyed her interest in property to her three daughters, and is thus factually distinguishable from this case and does not support

Greer's position for the reasons discussed above.  Moreover, the court in *Blackburn* found that there was no valid delivery of the deed.  *See* 211 Cal. App. 2d at 816.

The Court finds that there is no genuine factual dispute as to whether Michael Fisher's consent to the modification of the promissory note may be presumed to establish constructive delivery or acceptance of the Deed of Trust.  Because there was no valid delivery or acceptance of the Deed of Trust, the Court need not determine whether Michael Fisher's delay in reconveying his interest in the Deed of Trust waived his right to object to the security.

In conclusion, the undisputed facts here show that there was no actual or constructive delivery or acceptance of the Deed of Trust by Michael Fisher to secure the originally unsecured $70,000 note.[4]  Therefore, Michael Fisher is entitled to partial summary judgment on the § 726 defense as a matter of law.

**B.    Whether Greer Has Waived the § 726 Defense**

In addition to the lack of delivery and acceptance of the Deed of Trust, Michael Fisher contends that he is entitled to partial summary judgment as to the § 726 defense on the ground that, even if the loan was secured, Greer has waived the § 726 defense.

California Code of Civil Procedure § 726 is both a "security-first" and "one-action" rule.  *In re Prestige Ltd. P'ship-Concord*, 234 F.3d at 1114.  It compels the secured creditor, in a single action, to exhaust his security judicially before he may obtain a monetary "deficiency" judgment against the debtor.  *Id*.  The two fundamental purposes of § 726 are (1) preventing a multiplicity of lawsuits against the debtor; and (2) requiring exhaustion of the security before a resort to the debtor's unencumbered assets.  *Sec. Pac. Nat'l Bank v. Wozab*, 51 Cal. 3d 991, 1005 (1990).  However, a debtor can waive the protection of § 726 by failing to insist that the creditor first proceed against the security, *id.*, or by consenting to

---

[4] Michael Fisher asserts in passing that "[t]he Bankruptcy's [sic] Court's and trustee's determination of Fisher's unsecured creditor status is res judicata." Dkt. No. 31 at 4. Because Michael Fisher has failed to provide any authority supporting this assertion or any analysis of the elements of res judicata as applied to the facts of this case, the Court cannot find that res judicata resolves the issue of whether the promissory note was modified by the Deed of Trust.

an arrangement in which the beneficiary of the trust deed relinquishes the security without retiring the note. *Bank of Am., N.A. v. Roberts*, 217 Cal. App. 4th 1386, 1398 (2013); *see Pac. Valley Bank*, 189 Cal. App. 3d at 141-42.

Here, it is undisputed that, on August 11, 2011, Greer, through Grill, filed a lawsuit against Underwood, Michael Fisher, and Vicki Fisher seeking the cancellation of the very same Deed of Trust that Greer now contends provided security for the promissory note. Dkt. No. 26 at ¶ 7. Moreover, as the parties stipulated, on August 5, 2013, Greer, through Grill, "dismissed with prejudice Michael Fisher from the State Action *in consideration for the [r]econveyance*" of his interest in the Deed of Trust. *Id.* at ¶ 15 (emphasis added). In light of this stipulated fact, the fact that Greer did not provide his consent at the time of the reconveyance is immaterial. By dismissing Michael Fisher from the State Action in consideration for the reconveyance of the Deed of Trust, Greer consented to an arrangement, i.e., reconveyance, in which the beneficiary of the trust deed, Michael Fisher, relinquished the security without retiring the note. The undisputed facts thus show that Greer waived the protection of the § 726 defense.

Michael Fisher also argues that Greer's failure to object to Michael Fisher's unsecured creditor status in the Underwood Bankruptcy constitutes consent or waiver of the § 726 defense. Dkt. No. 31 at 8. Greer responds that he had no standing to object to how another creditor made a claim. Dkt. No. 35 at 3. Because Michael Fisher has failed to provide sufficient evidence or authority to substantiate his argument, the Court cannot find waiver on this basis.

//

### IV. CONCLUSION

Because the Court finds that the undisputed facts show (1) that there was no actual or constructive delivery or acceptance of the Deed of Trust by Michael Fisher to secure the originally unsecured $70,000 note; and (2) that Greer has waived the protection of the § 726 defense, the Court denies Greer's motion for summary judgment and grants partial summary judgment on the § 726 defense in favor of Michael Fisher.

IT IS SO ORDERED.

Date:  July 21, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge